**Stanley O. GAINES, Jr., Plaintiff–Appellant,**

v.

**POMONA COLLEGE, Defendant–Appellee.**

Nos. 02–55002, 02–55004.

D.C. Nos. CV–00–12267–CAS, CV–01–05799–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before BROWNING, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM**

Stanley O. Gaines Jr. appeals pro se the district court's dismissal of his two civil rights actions pursuant to a stipulation between Pomona College and the Chapter 7 trustee of Gaines's bankruptcy estate. We have jurisdiction under 28 U.S.C. § 1291. We review the question of standing de novo. *Barrus v. Sylvania*, 55 F.3d 468, 469 (9th Cir.1995). We affirm.

The district court properly dismissed Gaines's actions because they were property of his bankruptcy estate and only the bankruptcy trustee had standing to bring the actions. *See Moneymaker v. Coben (In re Eisen)*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) (stating that the bankruptcy trustee, as the representative of the bankruptcy estate, is the only party with standing to prosecute causes of action belonging to the estate).

Gaines's appeal of the district court's refusal to enter default is frivolous because Gaines requested entry of default four days after Pomona College filed its answer. *See* Fed.R.Civ.P. 55(a).

The district court did not abuse its discretion in denying Gaines's motion to recuse Judge Snyder. *See United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir.1998). Judge Snyder is a graduate of Pomona College and contrib-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

utes money to the school. However, these are not contacts that could "reasonably lead one to question [her] impartiality . . ." *See id.* (and cases cited therein) (no abuse of discretion for failure to recuse where district judge made small yearly contribution to his law school alumni association).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.